IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS DUNN, DENNY ROBINSON, and )
LEONARD KIMBLE, on behalf of themselves and )
a class of others similarly situated, )
)
Plaintiffs, )
) No. 04 C 6804
v. )
) Judge Robert W. Gettleman
CITY OF CHICAGO, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On October 5, 2005, this court issued a memorandum opinion and order ("the Order," reported at 231 F.R.D. 367 (2005)) granting plaintiffs' motion to certify a class (Class III asserted in plaintiffs' complaint)[1] defined as "all persons arrested on suspicion of a felony without an arrest warrant and who were detained by the CPD [Chicago Police Department] in excess of 48 hours without a judicial probable cause hearing at any time from August 15, 1999, to the date of this order." In the Order, the court declined to apply the Illinois "savings statute," 735 ILCS 5/13-217, because it erroneously held that the savings statute did not apply to federal claims subject to a federal statute of limitation. Plaintiff thereafter moved to reconsider, citing Beck v. Caterpillar, Inc., 50 F.3d 405, 407 (7th Cir. 1995), for the proposition that federal courts borrow both the state's tolling and savings provisions to measure limitations periods for § 1983 actions. The court agrees and grants that motion.

---

[1] The court also denied certification of Class I and granted certification of Class II by agreement. The issues addressed in this opinion do not affect those two classes.

In addition, plaintiffs moved the court to amend the Order to extend Class III back to March 15, 1999, the beginning of the putative class period in <u>Lopez</u>, rather than August 15, 1999. In the Order, this court held that the two year Illinois statute of limitation remained tolled during the pendency of <u>Lopez v. City of Chicago</u>, No. 01 C 1823, in which the plaintiff had asserted a similar class but had voluntarily withdrawn the class allegations on May 20, 2004. Because the court erroneously declined to apply the Illinois savings statute, the court subtracted the five months that passed un-tolled between the time the class allegations in <u>Lopez</u> were dismissed and the filing of instant case on October 21, 2004. The issue presented by plaintiffs' further motion to reconsider, therefore, depends on whether the state savings statute, which allows a plaintiff whose case was dismissed voluntarily or for certain other reasons unrelated to the merits, a year to refile his or her claims, applies to the withdrawal of class allegations.

In <u>Chardon v. Soto</u>, 462 U.S. 650 (1983), the Supreme Court applied a Puerto Rican statute, that provided that the limitations period begins to run anew when tolling ceases, to the denial of a class certification motion in a § 1983 action. In his opinion, Justice Stevens noted that under <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538 (1974), unnamed plaintiffs (including putative class members) "should be treated as though they had been named plaintiffs during the pendency of a class action" to avoid the incentive for those people to file separate, duplicative actions. <u>Id</u>. at 659. Noting that a state law was not at issue in <u>American Pipe</u>, the <u>Chardon</u> court stated (<u>Id</u>. at 661):

> In a § 1983 action, however, Congress has specifically directed the courts, in the absence of controlling federal law, to apply state statutes of limitations and state tolling rules unless they are "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1983 (1976). <u>American Pipe</u> does not answer the question whether, in a § 1983 case in which the filing of a class action has tolled

the statute of limitations until class certification is denied, the tolling effect is suspension rather than renewal or extension of the period. American Pipe simply asserts a federal interest in assuring the efficiency and economy of the class action procedure. <u>After class certification is denied, that federal interest is vindicated as long as each unnamed plaintiff is given as much time to intervene or file a separate action as he would have under a state savings statute applicable to a party whose action has been dismissed for reasons unrelated to the merits,</u> or, in the absence of a statute, the time provided under the most closely analogous state tolling statute. (Emphasis added).[2]

The holding in Chardon is as applicable to the voluntary dismissal of class claims as it is to the denial of a motion for class certification. In both instances, the unnamed class members are afforded the same protection "as if they had filed actions in their own names which were subsequently dismissed . . ." Id. at 661. As defendant conceded at oral argument on November 28, 2005, had plaintiffs Dunn and Robinson been named plaintiffs in the Lopez case and voluntarily withdrew from that case, they would be entitled to the protection of the one year Illinois savings statute. Under Chardon, Dunn and Robinson are in no different position in the instant case because they "should be treated as though they had been named plaintiffs during the pendency" of the Lopez class action.

Defendant objects to the application of the one year Illinois savings statute because, it claims, the withdrawal (or even denial) of class action status does not fit one of the four enumerated situations in which that statute has been held to apply.[3] Defendant cites Mares v.

---

[2] The Court had previously noted that the "tolling effect" at issue could possibly "establish a fixed period such as six months or [as in the cases of the Illinois statute] one year during which the plaintiff may file suit, without regard to the length of the original limitations period or the amount of time left when tolling began." Id. at 652, n.1.

[3] Those situations are: (1) if judgment is entered for the plaintiff, but reversed on appeal, or (2) if there is a verdict in favor of the plaintiff and, upon motion and arrest of judgment, the judgment is entered against the plaintiff, or (3) the action is voluntarily dismissed by the plaintiff,
(continued...)

Busby, 34 F.3d 533, 536 (7th Cir. 1994), as holding that the Illinois savings statute must be interpreted narrowly to apply only to those four situations. This argument, while facially appealing, ignores the holding in Chardon that "[a]fter class certification is denied, that federal interest [of protecting the integrity of federal class action procedure under Fed. R. Civ. P. 23] is vindicated as long as each unnamed plaintiff is given as much time to intervene or file a separate action as he would have under a state savings statute <u>applicable to a party whose action has been dismissed for reasons unrelated to the merits</u>." (Emphasis added). Chardon at 661. Thus, plaintiffs in the instant case should be put in the same position as plaintiffs whose actions were voluntarily dismissed, one of the four enumerated situations mentioned in Mares. Application of the one year savings statute is therefore a narrow interpretation of that statute.

For the foregoing reasons, plaintiffs' motion to reconsider is granted, and Class III is redefined as: All persons arrested on suspicion of a felony without an arrest warrant and who were detained by the CPD in excess of 48 hours without a judicial probable cause hearing at any time from March 15, 1999, to the date of this order.

**ENTER:** **November 30, 2005**

_____
Robert W. Gettleman
United States District Judge

---

³(...continued)
or the action is dismissed for want of prosecution, or (4) if the action is dismissed by a United States District Court for lack of jurisdiction.

4