### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | |
|---|---|
| THOMAS DUNN, DENNY ROBINSON, and VERONICA IMPERIAL, on behalf of themselves and a class of others similarly situated, and LEONARD KIMBALL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | ) <br> ) **MOTION FOR PRELIMINARY** <br> ) **APPROVAL OF PROPOSED** <br> ) **CLASS ACTION SETTLEMENT** <br> ) <br> ) <br> ) **Case No. 04-CV-6804** <br> ) <br> ) <br> ) **Judge Gettleman** <br> ) <br> ) <br> ) **Magistrate Judge Schenkier** <br> ) <br> ) |

### MOTION FOR PRELIMINARY APPROVAL OF
### CLASS ACTION SETTLEMENT

Pursuant to Fed. R. Civ. P. 23(e), Plaintiffs, THOMAS DUNN, DENNY ROBINSON, and VERONICA IMPERIAL, individually and on behalf of the Settlement Classes defined in paragraph 2 below, by and through counsel, Michael Kanovitz of the law firm LOEVY & LOEVY ("Class Counsel"), move this Court for an Order preliminarily approving a proposed class action settlement. In support of this motion, the Plaintiffs state as follows:

1. After years of active litigation and lengthy settlement negotiations that were supervised by Magistrate Judge Schenkier, the Parties reached an agreement on a proposed settlement (the "Proposed Settlement Agreement") (attached as Exhibit 1). The Proposed Settlement Agreement resolves all of the claims in the pending Action,[1] creating a Settlement Fund to pay for class members' damages claims, notice fees, settlement administration costs, incentive awards, and attorneys' fees and costs. For the reasons set forth in Plaintiffs'

---

[1] Capitalized terms have the same definitions as in the Proposed Settlement Agreement.

accompanying Memorandum of Law, the Court should grant preliminary approval of the Proposed Settlement Agreement.

    2.    The Proposed Settlement Agreement preliminary certifies three classes (collectively, the "Settlement Classes") for settlement purposes only:

    a.  Settlement Class I is defined as:

> All persons held in a Chicago Police Department interrogation or "interview" room for more than 16 hours in a 24-hour period at any time from October 21, 2002 to the date of preliminary approval.

    b.  Settlement Class II is defined as:

> All persons detained in a CPD lock-up or detective facility from 10:00p.m.(or earlier) on a given day and not released until 6:00a.m. (or later) of the following day, at any time from October 21, 2002 to the date of preliminary approval.

    c.  Settlement Class III is defined as:

> All persons arrested on suspicion of a felony without an arrest warrant and who were detained by the CPD and were not released and did not receive a judicial probable cause hearing within 48 hours of arrest, at any time from March 15, 1999 to February 10, 2008.

    3.    The Proposed Settlement Agreement creates a plan for the Parties to provide notice to the Settlement Classes, pursuant to FED. R. CIV. P. 23(e), in order that the potential Settlement Classes have an opportunity to be heard in connection with the Proposed Settlement Agreement. The Parties have agreed to provide notice through mailing the "Proposed Mailed Notice" (Attached as Exhibit B to the Settlement Agreement) to potential Settlement Class members, publishing notice in various media and advertisements through the "Proposed Published Notice" (Attached as Exhibit C to the Settlement Agreement), and establishing a website and call center accessible through a toll-free telephone number. The notice plan is further explained in the accompanying Memorandum of Law. The Court should approve the

Parties' proposed notice plan as comporting with due process and reasonable under Rule 23(e) and should direct the Parties to provide notice to the potential Settlement Classes.

  4. The Parties further request the Court to schedule a fairness hearing (the "Final Approval Hearing") for October 6, 2010, at 10:00 a.m. so that the Court may hear from class members regarding the Proposed Settlement Agreement, including Class Counsel's fee petition, and make the determinations required under FED. R. CIV. P. 23(e).

  5. In support of the Proposed Settlement Agreement, the Parties submit the following Exhibits, which are attached to the Proposed Settlement Agreement:

| **Exhibit** | **Description** |
| --- | --- |
| A | Preliminary Approval Order |
| B | Proposed Mailed Notice |
| C | Proposed Published Notice |
| D | Notice Plan |
| E | Claim Form |
| F | Final Approval Order |

  6. For the reasons set forth in Plaintiffs' accompanying Memorandum of Law, the Parties request that the Court enter the Preliminary Approval Order that is without material alternation from Exhibit A to the Settlement Agreement, and that:

    a. preliminarily approves the Settlement Agreement;

    b. preliminarily certifies the Settlement Classes defined herein, with the Named Plaintiffs approved as class representatives of the Settlement Classes as set forth in Paragraph 10(d), and Loevy & Loevy appointed as Class Counsel for the Settlement Classes;

    c. schedules a fairness hearing on final approval of the Settlement Agreement (the "Final Approval Hearing") to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court;

    d. finds the settlement to be sufficiently fair to warrant providing notice to the Settlement Classes;

    e. appoints Rust Consulting, Inc. as Claims Administrator;

    f. approves the mailed notice (the "Mailed Notice"), the content of which is without material alteration from Exhibit B to the Settlement Agreement, and directs its mailing to potential members of the Settlement Classes by first class U.S. mail to the last-known address for each such person, in accordance with the procedures set forth in Paragraph 18 of the Settlement Agreement, and, for Mailed Notices returned, directs the Claims Administrator to follow the procedures set forth in Paragraph 18;

    g. approves the published notice (the "Published Notice"), the content of which is without material alteration from Exhibit C to the Settlement Agreement, and directs that it be published in accordance with the Notice Plan, as set forth in Exhibit D to the Settlement Agreement;

    h. approves the notice plan (the "Notice Plan"), the content of which is without material alteration from Exhibit D to the Settlement Agreement, including the Mailed Notice and the Published Notice, and finds that it satisfies the requirements of due process and federal law;

    i. approves the settlement website as described in Paragraph 21 of the Settlement Agreement which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the

expiration of the period for submission of Claim Forms, as set forth in Paragraph 28 of the Settlement Agreement;

j.  directs the Claims Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class members to speak to live operators or to leave messages in a voicemail box;

k.  approves the claim form (the "Claim Form"), the content of which is without material alteration from Exhibit E to the Settlement Agreement, for distribution to potential members of the Settlement Classes, and sets a date after which Claims Forms shall be deemed untimely (as further provided in Paragraph 28 of the Settlement Agreement);

l.  determines that the Notice Plan, including the Mailed Notice and Published Notice, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise potential members of the Settlement Classes of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and federal law;

m.  requires the Claims Administrator, at or before the Final Approval Hearing, to file proof of mailing of the Mailed Notice, as well as a list of all persons who timely requested exclusion from the Settlement Classes (along with an affidavit attesting to the accuracy of that list (the "Opt-Out List"));

n.  requires each potential member of the Settlement Classes who wishes to exclude himself or herself from the Settlement Classes to submit an appropriate, timely request for exclusion, postmarked no later than ninety (90) days after the mailing is initially completed

5

(the "Mailed Notice Date"), to the Claims Administrator at the address in the Mailed Notice, and further requires that any requests for exclusion be exercised individually by a Settlement Class member, not as or on behalf of a group, class, or subclass, except that such requests may be submitted on behalf of an individual Settlement Class Member by the executor or administrator of a deceased Settlement Class Member's estate, or the legal guardian of a Settlement Class Member who has been declared incompetent;

    o. preliminarily enjoins all potential members of the Settlement Classes unless and until they have properly and timely excluded themselves from the Settlement Classes, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims (as defined in Paragraphs 40 and 41 of the Settlement Agreement); (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Classes who have not properly and timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims;

    p.  rules that any potential member of the Settlement Classes who does not submit a timely, written request for exclusion from the Settlement Classes will be bound by all proceedings, orders, and judgments in the Action, even if such person has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims (as set forth in Paragraphs 40 and 41 of the Settlement Agreement);

    q.  requires each member of the Settlement Classes who has not submitted a timely request for exclusion from the Settlement Classes and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, or the Attorneys' Fee Award, or Incentive Awards, to mail to the Claims Administrator (who shall promptly forward it to Class Counsel and Counsel for Defendant) and to file with the Court no later than sixty (60) days after the Mailed Notice Date, a statement of the objection, as well as the specific legal and factual reasons, if any, for each objection, including any support the member of the Settlement Classes wishes to bring to the Court's attention and all evidence the member of the Settlement Classes wishes to introduce in support of his or her objection, or be forever barred from objection, as follows: the objection must contain (1) a heading that refers to the Action by case name (Dunn v. City of Chicago) and case number (04-CV-6804); (2) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection; and (4) a description of any and all evidence the objector may offer at the Final Approval Hearing;

    r.  provides that the rights to object to the proposed settlement must be exercised individually by a Settlement Class member or his or her attorney, not as a member of a

7

group, class, or subclass, and, except in the case of a deceased or incapacitated Settlement Class member, not by the act of another person acting or purporting to act in any other representative capacity;

s. requires any attorney hired by a member of the Settlement Classes at the Settlement Class member's expense for the purpose of objecting to this Agreement or to the proposed settlement, or to the Attorneys' Fee Award or Incentive Award, to mail to Claims Administrator (who shall promptly forward it to Class Counsel and Counsel for Defendant) and to file with the Clerk of the Court a notice of appearance no later than sixty (60) days after the Mailed Notice Date, or as the Court may otherwise direct;

t. directs the Claims Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other non-privileged communications, and providing that only the Claims Administrator, Class Counsel, Defendant, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement; and finds that if any privileged communications are disclosed to the Class Administrator, the Court, Defendant, or Counsel for Defendant, the privilege has not been waived by such disclosure;

u. directs the Claims Administrator and/or Class Counsel promptly to furnish Class Counsel, Counsel for Defendant, and any counsel of record for members of the Settlement Classes with copies of any and all objections, written requests for exclusion, notices of intention to appear, or other communications that come into its possession (except as expressly provided in this Agreement);

v. contains any additional provisions agreeable to the Parties that might be necessary to implement the terms of this Agreement and the proposed settlement; and

      w.    finds that preliminary approval of the settlement is contingent upon City Council of the City of Chicago giving its approval to the settlement, and that if the Settlement Agreement is not so approved by the Mailed Notice Date, the settlement, the Settlement Agreement, and the Court's preliminary approval of the settlement shall have no further force or effect, and the Parties will be returned to the *status quo ante* with respect to this Action as if this Agreement had never been entered into, or the settlement preliminarily approved, as further set forth in Paragraphs 44 and 45 of the Settlement Agreement.

        Respectfully submitted,

        /s/ Michael Kanovitz

        Arthur Loevy
        Michael Kanovitz
        Jon Loevy
        Roshna Bala Keen
        Heather Lewis Donnell
        LOEVY & LOEVY
        312 North May, Suite 100
        Chicago, Illinois 60607
        Tel: (312) 243-5900
        Fax: (312) 243-5902

        *Attorney for the Plaintiffs*

## Certificate of Service

    I, Michael Kanovitz, an attorney, certify that on May 14 , 2010, I caused a copy of the foregoing Motion to be served on all counsel of record via CM/ECF filing, with exhibits to be delivered separately via electronic mail per agreement of the parties.

                                                       /s/ Michael Kanovitz