

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS DUNN, DENNY ROBINSON, )
and VERONICA IMPERIAL, on behalf of )
themselves and a class of others similarly )
situated, and LEONARD KIMBALL, )
individually, )
)
)
Plaintiffs, ) Case No. 04-CV-6804
)
)
v. ) Judge Gettleman
)
)
CITY OF CHICAGO, ) Magistrate Judge Schenkier
)
Defendant. )
)

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASSES

Plaintiffs Thomas Dunn, Veronica Imperial, and Denny Robinson (collectively, the "Named Plaintiffs"), individually and as representatives of the Settlement Classes defined in Paragraph 1 below (collectively, "Plaintiffs"), and Defendant City of Chicago ("Defendant") (collectively, the "Parties") have entered into a Class Action Release and Settlement Agreement dated May 14, 2010, including the documents and exhibits incorporated therein (the "Settlement Agreement"), to settle the above-captioned lawsuit ("Action"). The Named Plaintiffs have filed a Motion for Preliminary Approval of the Proposed Settlement (the "Motion for Preliminary Approval"). The Settlement Agreement sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action. All terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

Having reviewed the Settlement Agreement, the Motion for Preliminary Approval, and the pleadings and other papers on file in this action, and having also considered the statements of

counsel, the Court finds that the Motion for Preliminary Approval should be granted and that this Order should be entered. The Court hereby gives its preliminary approval to the settlement, orders that notice be sent to the Settlement Classes, and schedules a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate.

This preliminary approval is subject to approval of the settlement by the City Council of the City of Chicago. If the Settlement Agreement is not approved by the City Council of the City of Chicago by the time of the Mailed Notice Date (June11, 2010), the settlement, the Settlement Agreement, and this preliminary approval shall have no force or effect, and the Parties will be returned to the *status quo ante* with respect to this Action as if the Settlement Agreement had never been entered into, as further set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. In this Action, the Court previously certified three litigation classes under Federal Rule of Civil Procedure 23. The Court now finds that Plaintiffs have made a sufficient showing for purposes of preliminary approval that the requirements for certifying the Settlement Classes under Rule 23(b)(3) have been satisfied. The Court finds that the settlement and Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of notice of the proposed settlement to the members of the Settlement Classes, and to hold a Final Approval hearing. The preliminary certification of the Settlement Classes, appointment of the class representatives and Class Counsel, and all other actions associated with preliminary approval are undertaken on the condition that the certification and other actions shall be automatically vacated if the Settlement Agreement is not approved by the City Council of the City of Chicago by June11, 2010; if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, any appellate court, and/or any other court of review; or if any of the Parties invokes the right to revoke the settlement according to the terms of the Settlement Agreement.

2. For purposes of the Settlement Agreement and for settlement only, the Court preliminarily certifies the following Settlement Classes pursuant Rule 23(b)(3):

>  (a) Settlement Class I:
>
>  All persons held in a Chicago Police Department ("CPD") interrogation or "interview" room for more than 16 hours in a 24-hour period at any time from October 21, 2002 to the date of preliminary approval.
>
>  (b) Settlement Class II:
>
>  All persons detained in a CPD lock-up or detective facility from 10:00 p.m. (or earlier) on a given day and not released until 6:00 a.m. (or later) of the following day, at any time from October 21, 2002 to the date of preliminary approval.
>
>  (c) Settlement Class III:
>
>  All persons arrested on suspicion of a felony without an arrest warrant and who were detained by the CPD and were not released and did not receive a judicial probable cause hearing within 48 hours of arrest, at any time from March 15, 1999 to February 10, 2008.
>
>  (d) Excluded from these Settlement Classes are the following persons:
>
>  > (i) Members of the Northern District of Illinois federal judiciary and their immediate families; and
>  >
>  > (ii) All persons who have timely elected to opt out of or exclude themselves from the Settlement Classes in accordance with the Court's Orders.

3. The Court finds, for purposes of preliminary approval, that (a) members of each proposed Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to each of the proposed Settlement Classes; (c) the claims of the Named Plaintiffs are typical of the claims of the proposed Settlement Classes they seek to represent; (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the proposed Settlement Classes they seek to represent; (e) questions of law or fact common to the members of each of the proposed Settlement Classes predominate over any questions affecting only individual members; and (f) a class action is

superior to other available methods for the fair and efficient adjudication of the Action.

4. The Court appoints the following Named Plaintiffs as class representatives of the following Settlement Classes:

- Named Plaintiff Veronica Imperial is the class representative for Settlement Class I.

- Named Plaintiff Thomas Dunn is the class representative for Settlement Class II.

- Named Plaintiffs Thomas Dunn and Denny Robinson are the class representative for Settlement Class III.

5. The Court appoints the following to act as Class Counsel for the Settlement Classes: Michael Kanovitz, Esq. and the law firm of Loevy & Loevy, 312 North May Street, Suite 100, Chicago, Illinois 60607.

6. The Court appoints Rust Consulting, Inc. as Claims Administrator, which shall administer the Notice Plan and the settlement, in accordance with the terms and conditions of this Order and the Settlement Agreement.

7. The Court further finds that neither the certification of these Settlement Classes, nor the settlement of this Action, shall be deemed to be a concession by Defendant to the propriety of the certification of any of the litigation classes previously certified by this Court in this Action, or to the propriety of certification of any litigation class, and Defendant retains all rights to assert that class certification for purposes other than settlement is not appropriate. Furthermore, the Settlement Agreement shall not be deemed to be an admission of liability, or of unconstitutional or illegal conduct by or on the part of Defendant and/or the City of Chicago's future, current, or former officers, agents, and employees, and shall not serve as evidence of any wrongdoing by or on the part of Defendant and/or the City of Chicago's future, current, or former officers, agents, and employees.

8. The Court approves the mailed notice (the "Mailed Notice") without material

alteration from Exhibit B of the Settlement Agreement. The Court directs the Parties to deliver to the Claims Administrator a list of what the Parties believe in good faith to be a complete listing of the names and last-known addresses of all persons entitled to receive the Mailed Notice, as this information is reasonably available to Defendant based on Chicago Police Department records, in accordance with the Settlement Agreement. The Court further directs the Claims Administrator to mail to all such persons the Mailed Notice, by first class U.S. mail, on or before June11, 2010, unless extended by Order of this Court. The Court further directs the Settlement Administrator to promptly remail any notices returned by the Postal Service with forwarding addresses that are received. The Court further directs the Settlement Administrator to follow the procedures set out in the Settlement Agreement.

9. The Court approves the published notice ("Published Notice") that is without material alteration from Exhibit C of the Settlement Agreement.

10. The Court approves the notice plan ("Notice Plan") that is without material alteration from Exhibit D of the Settlement Agreement.

11. The Court directs the Claims Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class members to speak to live operators or to leave messages in a voicemail box. The Court further directs the Claims Administrator to maintain an Internet website, as described in the Settlement Agreement, which shall include, at a minimum, copies of the Settlement Agreement (including exhibits), the Mailed Notice, the Claim Form, and this Order; which may be amended as appropriate during the course of the settlement as agreed to by the Parties; and which shall be maintained for at least 180 days after the expiration of the period for the submission of Claim Forms, as set forth in the Settlement Agreement.

12. The Court finds that the Notice Plan, including the Mailed Notice and Published Notice, as set forth herein and in the Settlement Agreement meets all requirements of due

process and federal law. The Court further finds that this notice (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise potential members of the Settlement Classes of the pendency of the Action and of the proposed settlement, and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and federal law.

13. The Court approves the claim form ("Claim Form") that is without material alteration from Exhibit E of the Settlement Agreement. The Court directs that the Claim Form be distributed with the Mailed Notice. To be considered for possible payment, Claim Forms must be postmarked by no later than October 25, 2010. Any Claim Form postmarked after this date shall be untimely and invalid. Claim Forms must be signed and notarized by the Settlement Class Member, except that Claim Forms may be submitted on behalf of a Settlement Class Member by (1) the executor or administrator of a deceased Settlement Class Member's estate, (2) the legal guardian of a Settlement Class Member who has been declared incompetent, or (3) a person with a valid Power of Attorney from the Settlement Class Member.

14. Spanish-language versions of the Mailed Notice and Claim Form shall be made available upon request of a Claimant, and shall also be posted on the settlement website.

15. Any member of the Settlement Classes who wishes to be excluded from the Settlement Classes must comply with the terms set forth in the Settlement Agreement and the Mailed Notice and mail to the Claims Administrator an appropriate and timely request for exclusion postmarked no later than September 9, 2010. Any Settlement Class member who timely requests exclusion from the Settlement Classes in accordance with the Mailed Notice shall not be bound by any orders or judgments entered in this Action and shall not be entitled to receive any benefits provided by the settlement in the event it is finally approved by the Court. Requests for exclusion must be exercised individually by a Settlement Class member, not as or

on behalf of a group, class, or subclass, except that such requests may be submitted on behalf of an individual Settlement Class Member by the executor or administrator of a deceased Settlement Class Member's estate, or the legal guardian of a Settlement Class Member who has been declared incompetent.

16. The Court orders the Claims Administrator, at or before the Final Approval Hearing, to file proof of mailing of the Mailed Notice, as well as a list of all persons who timely requested exclusion from the Settlement Classes (along with an affidavit attesting to the accuracy of that list (the "Opt-Out List")).

17. Any member of the Settlement Class who does not timely request exclusion as set forth in the Mailed Notice shall be bound by all proceedings, orders, and judgments in the Action, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, as defined in the Settlement Agreement, and even if he or she never received actual notice of the Action or the settlement, as described in further detail in the Settlement Agreement.

18. Unless and until they have timely excluded themselves from the Settlement Classes as set forth in the Notice, members of the Settlement Classes are also preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action

Page 7

and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

19. Any member of the Settlement Class who does not timely request exclusion as set forth in the Mailed Notice, and who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, or to the Attorneys' Fee Award and Incentive Awards, or to any other aspect of the settlement, must submit an objection no later than August 10, 2010, that complies with the requirements for objections as set forth in the Settlement Agreement and the Mailed Notice. The objection must be mailed to the Claims Administrator (postmarked on or before August 10, 2010) and filed with the Court on or before that same date. In filing objections in this Court, objectors must comply with all applicable federal rules and laws. Failure to adhere to these requirements will bar the objection.

20. Any member of the Settlement Class who timely serves a written objection may appear at the Final Approval Hearing, either in person or through an attorney, if a Notice of Intention to Appear is timely filed with the Court, as set forth in the Settlement Agreement and the Mailed Notice. Settlement Class members who do not adhere to these requirements will not be heard at the Final Approval Hearing.

21. The right to object to the proposed settlement must be exercised individually by a Settlement Class member or his or her attorney, not as a member of a group, class, or subclass, and, except in the case of a deceased or incapacitated Settlement Class member, not by the act of another person acting or purporting to act in any other representative capacity. The objection must contain (1) a heading that refers to the Action by case name (Dunn v. City of Chicago) and case number (No. 04-CV-6804); (2) a statement whether the objector intends to appear at the Final Approval hearing, either in person or through counsel and, if through counsel, a statement

Page 8

identifying that counsel by name, bar number, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection; and (4) a description of any and all evidence the objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits the objector may introduce at the Final Approval Hearing.

22. The Claims Administrator shall maintain a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications. Only the Claims Administrator, Class Counsel, the Defendant, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement. Disclosure of any privileged communications to the Class Administrator, the Court, Defendant, or counsel for Defendant shall not constitute a waiver of the privilege.

23. The Claims Administrator shall promptly furnish Class Counsel, counsel for Defendant, and any counsel of record for members of the Settlement Classes with copies of any and all written objections, requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as otherwise provided in the Settlement Agreement.

24. Any petition for award of attorneys' fees, or reimbursement of litigation costs and expenses, or the Named Plaintiffs' Incentive Awards, shall be filed prior to the Final Approval Hearing.

25. A Final Approval hearing shall be held on October 6, 2010, at 10:00 a.m. in Courtroom 2525, Federal Dirksen Building, 219 South Dearborn, Chicago, Illinois 60604, before the undersigned for the purpose of determining (a) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court; (b) whether to issue a final judgment without material alteration from Exhibit F of the Settlement Agreement; and (c) whether to approve the Attorneys' Fee Award and the Incentive Awards, as set forth in the

Settlement Agreement.

26. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by Class Counsel and Defendant without further notice.

27. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

Dated: May 14, 2010

Judge Robert W. Gettleman