UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS DUNN, DENNY ROBINSON, ) <br> and VERONICA IMPERIAL, on behalf ) <br> of themselves and a class of others ) <br> similarly situated and LEONARD ) <br> KIMBALL, individually, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CHICAGO, ) <br> ) <br>     Defendant. ) | No. 04 C 6804 <br><br> Judge Gettleman <br><br> Magistrate Judge Schenkier |

## OBJECTION OF POTENTIAL CLASS MEMBERS

Kevin Vodak, Steven Hudosh, Cathy Gruber, Patrick Donnell, Robert Castillo and Sarah Bergstrand (hereinafter "the Objectors"), individually and on behalf of the certified classes they represent in pending litigation, by and through their undersigned counsel, hereby object to the proposed settlement in the above entitled case. In support thereof, the objectors state as follows:

**Facts Forming Basis of Objections**

(1) The objectors are class representative plaintiffs in a case now pending in the Seventh Circuit Court of Appeals entitled *Vodak v. City of Chicago,* Nos. 09-2768, 09-2843 & 09-2901 (cons.)

(2) The *Vodak* litigation brought federal civil rights claims against the City of Chicago including claims pursuant to Section 1983 for false arrest and imprisonment, First Amendment violations, and a *Monell* policy claim, as well as pendent state law claims including for false arrest, and malicious prosecution as a result of the Chicago Police Department surrounding individuals near a peace demonstration on March 20, 2003, and taking hundreds of individuals

1

into police custody, transporting them to Chicago Police Department lock-ups and detaining individuals for many hours. Many individuals were released without charges while many were charged with misdemeanor offenses and required to appear in court. Individuals were detained between 10 and more than 30 hours before being released from CPD lock ups.

(3) The *Dunn* settlement identifies Class II as persons who were "detained in a Chicago Police Department lock-up or detective facility overnight at any time from October 21, 2002 to May 14, 2010." (Page 1 of Notice) The *Dunn* settlement indicates that "Members of Class II are eligible to receive a payment of up to $90." (Page 3 of Notice) The *Dunn* settlement provides that unless an individual affirmatively excludes him or herself "that means that you can't sue, continue to sue, or be part of any other lawsuit against the City of Chicago about the legal issues in this case." (Page 4 of Notice) The *Dunn* settlement requires that "requests for exclusion must be submitted by a Class Member, not on behalf of a group or class of persons." (Page 5 of Notice)

(4) Class representative plaintiffs, as well as some potential class members in *Vodak*, have received the *Dunn* settlement notice mailed to them identifying them by name.

**Legal Issues Implicated**

(5) The objectors are concerned that if the phrase "legal issues in this case" in the *Dunn* settlement is construed to include the legal issues of false arrest, false imprisonment and the damages arising therefrom, or any other claim brought by any other litigant that would include seeking remedy for unlawful detention at a Chicago police station from October 2002 through May 14, 2010, those litigants could be denied due process of law, denied adequate access to the courts and their right to pursue litigation, including *Vodak v. City of Chicago*, would be violated

(6) Additionally, if the phrase "legal issues in this case" in the *Dunn* settlement is

construed to include the legal issues of false arrest, false imprisonment and the damages arising therefrom, or any other claim brought by any other litigant that would include seeking remedy for unlawful detention at a Chicago police station from October 2002 through May 14, 2010, the proposed settlement amounts for each of the classes are grossly inadequate and would deny such persons their right to due process of law and adequate access to the courts.

(7) The objectors object and state that the procedure to "opt out" or be excluded from the *Dunn* settlement class is onerous and unduly burdensome. It is not known how likely it is that all potential class members will be notified of the *Dunn* settlement. Counsel in *Vodak* are aware that many of the class plaintiffs in *Vodak* no longer reside at the address where they lived when they were arrested in the underlying incident in *Vodak,* and are therefore concerned that these class members have not been given proper notice of the *Dunn* settlement. It is also not known how likely it is that all potential class members will understand the implications of doing nothing, particularly as to the alleged effect on pending litigation. The *Dunn* settlement specifically does not allow exclusion on behalf of a group or class of persons.

(8) The objectors object and state that direct contact by the parties in *Dunn* with individuals who are represented by attorneys is improper and a violation of the Illinois Code of Professional Responsibility. At a minimum, legal counsel who have pending litigation on any "legal issue" brought in *Dunn* must be notified directly as to the proposed settlement and the consequences of the settlement on their litigation.

**Reservation of Rights**

(9) By filing this objection, the objectors do not submit that they are actual members of any class certified in *Dunn,* and specifically reserve the right to "opt out" and exclude themselves from class membership, particularly if such membership has the effect of extinguishing their

3

pending lawsuit and interferes in any way with their ability to litigate certain legal issues.

(10) The objectors also reserve the right to appear at any Final Approval Hearing through undersigned counsel and produce witnesses or evidence to support the above objections. A description of evidence, addresses of witnesses and summaries of proposed testimony may be obtained from the undersigned attorneys.

WHEREFORE, the above parties, through undersigned counsel, respectfully request that this Court reject the proposed settlement of Dunn in its current form and require the parties to amend that language, if they still wish to enter into a settlement, so as to provide that the settlement will not affect any other litigation involving the City of Chicago which is currently pending in any courts, specifically state that the settlement does not in any way include the legal issues of false arrest, false imprisonment and the damages arising therefrom, or any other claim brought by any other litigant that would include seeking remedy for unlawful detention at a Chicago police station from October 2002 through May 14, 2010; and require that any contact with parties in any other pending litigation which might be affected by *Dunn* be through the attorney for that party, if the party is represented, and not directly to the party, and that no party with pending litigation involving the issues raised in *Dunn* be bound by the settlement in *Dunn* unless that party specifically opts in to the Dunn settlement, and further amend the settlement to allow persons who object to the settlement to opt out of the settlement.

August 10, 2010
                                            Respectfully submitted,
                                            /s/ John L. Stainthorp
                                            John L. Stainthorp
                                            Janine Hoft, Joey Mogul,
                                            People's Law Office
                                            1180 N. Milwaukee, 3rd floor
                                            Chicago, IL 60642
                                            773 235 0070
                                            773 235 6699 (Fax)

**CERTIFICATE OF SERVICE**

TO:  Michael Kanovitz         Mara S. Georges              Dunn Settlement Objections
     LOEVY & LOEVY            Corporation Counsel          c/o Rust Consulting, Inc.
     312 N. May Street, #100  c/o Matthew Hurd             P.O. Box 2341
     Chicago, IL 60607        30 N. LaSalle St., #1720     Faribault, MN 55021-9041
                              Chicago, IL 60602

    I certify that I caused to be delivered by electronic mail through the ECF filing system or U.S. mail by placing a copy of this Objection in an addressed, stamped envelope by 6:00 p.m. at 1180 North Milwaukee Avenue, Chicago, Illinois on this 10th day of August, 2010.

                                                                /s/ John L. Stainthorp
                                                                 One of the Attorneys for Objectors

JANINE L. HOFT
JOEY L. MOGUL
JOHN L. STAINTHORP
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
773/235-0070
Attorney for Objectors

5