UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS DUNN, DENNY ROBINSON, and VERONICA IMPERIAL, on behalf of themselves and a class of others similarly situated, and LEONARD KIMBALL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No. 04-CV-6804 <br><br> Judge Gettleman <br><br> Magistrate Judge Schenkier |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On May 14, 2010, the Court entered its Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to Settlement Classes. After notice was sent to the Settlement Classes,[1] this Court held a Final Approval Hearing on October 6, 2010, for the purpose of determining (1) whether the proposed settlement, on the terms set forth in the Parties' Settlement Agreement, is fair, reasonable, and adequate, and should be finally approved by this Court; (2) whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing Defendant City of Chicago and releasing Defendant and the other Releases from all Released Claims; and (3) whether to award attorneys' fees and expenses to Class Counsel and Incentive Awards to the Named Plaintiffs.

The Court, having reviewed the Settlement Agreement and all papers submitted in connection with the proposed settlement, and having considered all arguments of counsel and

---

[1] All terms and phrases used in this Order shall have the same meaning as in Parties' Class Action Release and Settlement Agreement dated May 14, 2010, including the exhibits (the "Settlement Agreement"), which is incorporated into this Order.

objectors; finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment"). Pursuant to Federal Rules of Civil Procedure 23(h) and 54(d), the Court will determine the amount of the Attorneys' Fee Award and will enter a separate Final Order and Judgment Regarding Attorneys' Fee Award. Class Counsel shall file by October 29, 2010, supplemental materials in support of their Petition for Award of Attorneys' Fees. The Court schedules a hearing regarding the Attorneys' Fee Award for November 3, 2010, at 10:30 a.m.

**IT IS THEREFORE ORDERED** as follows:

1. The Court has federal subject matter jurisdiction of this Action and jurisdiction to approve the settlement.

2. The Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Classes.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that (a) members of each Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to each of the Settlement Classes; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Classes they represent; (d) the Named Plaintiffs and Class Counsel fairly and adequately protected and will continue to protect the interests of the members of the Settlement Classes; (e) questions of law or fact common to the members of each of the Settlement Classes predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. The Court therefore finds that the requirements for certifying a settlement class have been met and are appropriate under the circumstances of this case pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court certifies for settlement purposes only the following Settlement Classes, with the Named Plaintiffs representing each Settlement Class as follows:

    (a) Settlement Class I (Class Representative: Victoria Imperial)

All persons held in a Chicago Police Department ("CPD") interrogation or "interview" room for more than 16 hours in a 24-hour period at any time from October 21, 2002 to the date of preliminary approval.

    (b) Settlement Class II (Class Representative: Thomas Dunn)

All persons detained in a CPD lock-up or detective facility from 10:00 p.m. (or earlier) on a given day and not released until 6:00 a.m. (or later) of the following day, at any time from October 21, 2002 to the date of preliminary approval.

    (c) Settlement Class III (Class Representatives: Thomas Dunn and Denny Robinson):

All persons arrested on suspicion of a felony without an arrest warrant and who were detained by the CPD and were not released and did not receive a judicial probable cause hearing within 48 hours of arrest, at any time from March 15, 1999 to February 10, 2008.

    (d) Excluded from these Settlement Classes are the following persons:

        (i) Members of the Northern District of Illinois federal judiciary and their immediate families; and

        (ii) All persons who have timely elected to opt out of or exclude themselves from the Settlement Classes in accordance with the Court's Orders.

5. The Court gives final approval to the settlement as fair, reasonable, and adequate to the Named Plaintiffs and to each member of the Settlement Classes, and in their best interests, and in full compliance with all requirements of due process and federal law.

6. Neither the certification of these Settlement Classes, nor the settlement of this Action, shall be deemed to be a concession by Defendant to the propriety of the certification of any of the litigation classes previously certified by this Court during this Action, or to the

propriety of certification of any litigation class, and Defendant retains all rights to assert that class certification for purposes other than settlement is not appropriate. Furthermore, the Settlement Agreement shall not be deemed to be an admission of liability, or of unconstitutional or illegal conduct by or on the part of Defendant and/or the City of Chicago's future, current, or former officers, agents, and employees, and shall not serve as evidence of any wrongdoing by or on the part of Defendant and/or the City of Chicago's future, current, or former officers, agents, and employees. However, reference may be made to the settlement and the Settlement Agreement as may be necessary to effectuate the provisions of the Settlement Agreement.

7. The Court finds that the Mailed Notice, Published Notice, and Notice Plan implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and federal law.

8. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Classes for the purpose of entering into and implementing the Settlement Agreement. The Court further finds that Rust Consulting, Inc., the Court-appointed Claims Administrator, has met all requirements of the Court as set forth in the Preliminary Approval Order and Settlement Agreement.

9. The Court has considered all objections, including those that may not technically qualify as objections and those that were filed after the objection deadline. After considering the objections, and all briefing and oral argument offered in support of or in opposition to same, and

4

for the reasons stated in open court at the Final Approval Hearing, the Court finds that the objections are without merit. Accordingly, all objections are hereby overruled.

10. The Court further holds that the Effective Date of this settlement with respect to all terms other than the Attorneys' Fee Award is the date upon which this Final Order and Judgment becomes Final;[2] provided, however, that there shall be no disbursement of claims payments to eligible claimants before the Effective Date of the Attorneys' Fee Award. The Effective Date of the Attorneys' Fee Award shall be the date upon which the Final Order and Judgment Regarding Attorneys' Fee Award becomes Final.

11. The Court hereby dismisses the Action (including all individual and class claims against Defendant) with prejudice and without fees or costs except as expressly provided in this Final Order and Judgment and the Final Order and Judgment Regarding Attorneys' Fee Award; except that, by consent of the Parties, the Court shall retain jurisdiction solely for the purpose of enforcing the terms of the Settlement Agreement and entering the Final Order and Judgment Regarding Attorneys' Fee Award through October 3, 2011. Except as set forth expressly in this Paragraph, the case is dismissed with prejudice upon entry of this Final Order and Judgment.

12. The Court finds that the Named Plaintiffs and each member of the Settlement Classes have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against Defendant and the other Releasees, as follows:

> **Named Plaintiffs' Release:** As consideration for this Agreement, and upon the Effective Date, the Named Plaintiffs, including each and every one of their

---

[2] "Final" as used in this paragraph means that (a) the judgment is a final, appealable judgment; and (b) either (I) no appeal has been taken from the judgment as of the date on which all times to appeal have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing *en banc*, petitions for writ of *certiorari*, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment in all material respects.

respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, hereby generally release and discharge Releasees from any and all claims, demands, rights, causes of action, compensatory and punitive damages, attorneys' fees, costs, debts, or liabilities which they now have, or had at any time prior to and through the date of this release.

**Settlement Class Release:** As consideration for this Agreement, and upon the Effective Date, all members of the Settlement Classes who have not properly and timely excluded themselves from the Settlement Classes, including each and every one of their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, hereby release and discharge Releasees from any and all claims, demands, rights, causes of action, compensatory and punitive damages, attorneys' fees, costs, debts, or liabilities which all members of the Settlement Classes in the Action now have, or had at any time prior to and through the date of this release arising out of or in any way related to the allegations in the Second Amended Complaint.

13. Accordingly, upon the Effective Date, the Named Plaintiffs and all members of the Settlement Classes who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, are barred from asserting any Released Claims against Defendant and the other Releasees, and any such members of the Settlement Classes are deemed to have released any and all Released Claims as against Defendant and the other Releasees. The settlement and this Final Order and Judgment are binding on, and shall have *res judicata* and preclusive effect in, any pending and future

lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Named Plaintiffs and all other members of the Settlement Classes.

14. The Court approves the payment of the Named Plaintiffs' Incentive Awards as follows:

Named Plaintiff Thomas Dunn: $ 25,000

Named Plaintiff Denny Robinson: $ 25,000

Named Plaintiff Veronica Imperial: $ 25,000

The Incentive Awards shall be distributed in accordance with the terms of the Settlement Agreement.

15. Additional distributions from the Settlement Fund, including the return to Defendant of any remaining funds after the conclusion of the settlement administration, shall be made in accordance with the terms of the Settlement Agreement.

16. The Court hereby bars and enjoins all members of the Settlement Classes who have not been excluded from the Settlement Classes from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims and (ii) organizing members of the Settlement Classes who have not been excluded from the Settlement Classes into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or

7

arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

17. The Court approves the Opt-Out List (attached hereto as Exhibit 1) and determines that the Opt-Out list is a complete list of all potential Settlement Class members who have properly and timely requested exclusion from the Settlement Classes and, accordingly, shall neither share in nor be bound by this Final Order and Judgment. Exhibit 1 will be updated after October 25, 2010, to incorporate any additional opt-outs from the mailing of Notice. Persons who are also members of the certified class in *Vodak v. City of Chicago*, No. 03 cv 2463, and did not opt out of that *Vodak* class, have until October 25, 2010, to opt out from the Settlement. In accordance with Paragraph 15 of the Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to Settlement Classes, any such opt outs must be submitted individually by a *Vodak* class member, and not as or on behalf of a group, class, or subclass, except that a request for exclusion may be submitted on behalf of an individual *Vodak* class member by the executor or administrator of a deceased *Vodak* class member's estate, or the legal guardian of a *Vodak* class member who has been declared incompetent. If a *Vodak* class member who has submitted, or will submit, a Claim Form also submits a timely request for exclusion pursuant to this Paragraph, the claim shall be deemed to be withdrawn, the *Vodak* class member shall not be eligible for payment under the settlement, and the Claims Administrator shall send a letter to that *Vodak* class member so informing him or her of the effect of the exclusion request.

18. In the event this settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Settlement Agreement, this Final Order and Judgment, the Final Order and Judgment Regarding Attorneys' Fee Award, and all orders entered into regarding this settlement shall be null and void and vacated, in accordance with the

8

Settlement Agreement. Further, in such case, the Settlement Fund, less notice and settlement administration expenses that have been properly disbursed, or properly incurred but not yet disbursed, shall be returned to Defendant pursuant to the Settlement Agreement.

19. The Court hereby authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modification, and expansions of the Settlement Agreement as (a) are consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Settlement Class members under the terms of the Settlement Agreement.

Dated: October 6, 2010

_____
The Honorable Robert W. Gettleman

9

# EXHIBIT 1

# Exclusion Report

PROJECT: Chicago Arrest - Database: char
Report Criteria: None

10/05/2010 09:38 AM
Page 1 of 2
Report ID :EXC15003

| EXCL ID | FULL NAME |
|---|---|
| 1 | JAMES MIKHEL |
| 2 | RALPH CASTILLO |
| 3 | ANDREW PEARSON |
| 4 | TIFFANY FRAZIER |
| 5 | ERICKA JOHNSON |
| 6 | ADAM N HELANDER |
| 7 | ROBERT FIGIEL |
| 8 | DANY LANZA |
| 9 | MARSHALL INGRAM |
| 10 | ERIC BANKS |
| 11 | ABGAIL CIHAK |
| 12 | RUTH BULINSKI |
| 13 | RASHAD SWANIGAN |
| 14 | GEORGE HORTON JR |
| 15 | SCOTT GILBERT |
| 16 | DEWAYNE HOWARD |
| 17 | RICHARD BAKER |
| 18 | LADINA TIMMONS |
| 19 | GEORGE GALLAGHER |
| 20 | RODNEY PATTON |
| 21 | ALAN WHITE |
| 22 | ANNETTE SPIGHT |
| 23 | DONALD WELLS |
| 24 | CHARLES DONELSON |
| 25 | TOMMY THOMAS |
| 26 | KENDALE J. BRINSON |
| 27 | ROBERT PAYNE |
| 28 | BISHARA THOMAS |
| 29 | OSCAR FLORES |
| 30 | RICHARD DIMATTEO |
| 31 | ANTHONY LEWIS |
| 32 | JOHNNY BROWN |
| 33 | LAVEL HUNTER |
| 34 | FREDRICK STAPLETON |
| 35 | TANEYSHA BASS |
| 36 | GRZEGORZ ZAWADOWICZ |
| 37 | KEITH HARDIMAN |
| 38 | KEITH BRYANT |
| 39 | DEON SAILS |
| 40 | KENDRICK JACKSON |
| 41 | RYAN VALENCIA |
| 42 | LORRAINE WATSON |
| 43 | SHERRY CREMONA VAN DER ELST |

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential Information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.

## Exclusion Report

PROJECT: Chicago Arrest - Database: char
Report Criteria: None

10/05/2010 09:38 AM
Page 2 of 2
Report ID :EXC15003

| EXCL ID | FULL NAME |
|---|---|
| 44 | KEVIN CRONIN |
| 45 | JAMES GORDON |
| 46 | CHARLES KAM |
| 47 | RUTH ANN COOK |
| 48 | EMILY LONIGRO |
| 49 | JODI GRONBORG |
| 50 | MISTY DEMARS |
| 51 | KAREN CRAIG |
| 52 | KATERI CHAPMAN-KRAMER |
| 53 | CAROLYN CAPORUSSO |
| 54 | BRUCE BEAL |
| 55 | JENNIFER WESTFALL |
| 56 | COREY ALLBRITTEN |
| 57 | MATTHEW ADAMS |
| 58 | DERRICK ROBERSON |
| 59 | GREGORY PANKO |
| 60 | MARKUS CRAWFORD |
| 61 | ENRIQUE HERNANDEZ |
| 62 | MARCUS MCNEAL |
| 63 | JENNIFER BRISTER |
| 64 | COREY KELSEY |
| 65 | MATTHEW HUTCHINS |
| 66 | FAHEEM FOOTE-EL |
| 67 | WILLIAM TERRELL |
| 68 | MWENDO MURITHI |
| 69 | JOSEPH MARTINEZ |
| 70 | STEVEN BECK |
| 71 | LARRY BANKS |
| 72 | JEFFREY SHAW |
| 73 | JAMES PINKIN |
| 74 | TAMARA WOODS |
| 75 | BRIAN MCCLENDON |
| 76 | LINNEL BLOUNT |
| 77 | JEFFREY CAMPBELL |
| 78 | CHRISTOPHER NEAL |
| 79 | JASON MULERO |
| 80 | JAMES WORTHEM |
| 81 | JUAN MENESES |
| 82 | CARLOS MUNIZ |
| 83 | DEBORAH GLICKMAN |

TOTAL NUMBER OF EXCLUSIONS: 83

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The Information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.